■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO SANTOS, Appellant. [848 NYS2d 57]—

Judgment, Supreme Court, New York County (A. Kirke Bartley, J., at plea; Laura A. Ward, J., at sentence), rendered March 29, 2005, convicting defendant of criminal possession of a controlled substance in the fourth degree, and sentencing him to a term of one year, unanimously affirmed.

Since defendant did not move to withdraw his plea, and since this case does not come within the narrow exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662 [1988]), his challenge to the plea is unpreserved and we decline to review it in the interests of justice. Were we to review this claim, we would find that the plea was knowing, intelligent and voluntary, and that there was nothing in the plea allocution that cast doubt on defendant's guilt (*see People v Seeber*, 4 NY3d 780 [2005]; *People v Toxey*, 86 NY2d 725 [1995]). The court was under no obligation to make a sua sponte inquiry into defendant's postplea assertion of innocence contained in the presentence report (*see e.g. People v Pantoja*, 281 AD2d 245 [2001], *lv denied* 96 NY2d 905 [2001]).

Defendant did not preserve his claim that an interpreter should have been present at his sentencing (*see People v Ramos,* 26 NY2d 272 [1970]) and we decline to review it in the interest of justice. Were we to review this claim, we would find the sentencing minutes demonstrate that defendant was able to speak and understand English, notwithstanding his use of an interpreter at other proceedings. Concur—Mazzarelli, J.P., Saxe, Marlow, Catterson and Malone, JJ.