■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENIO GUANCE, Appellant. [878 NYS2d 14]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered November 2, 2007, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree and of criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of five years and two years, respectively, unanimously affirmed.

Since defendant did not move to withdraw his guilty plea or vacate the judgment, and since this case does not come within the narrow exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662 [1988]), his challenge to the validity of the plea is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. The record establishes the voluntariness of the plea, and to the extent it was linked to a favorable disposition of charges against his girlfriend, the plea met constitutional standards for that type of arrangement (*see People v Fiumefreddo*, 82 NY2d 536 [1993]). Since defendant did not move to withdraw his plea, the court was not under an obligation to make a sua sponte inquiry into defendant's post-plea claims of innocence and coercion (*see e.g. People v Santos*, 46 AD3d 365 [2007], *lv denied* 10 NY3d 844 [2008]). Defendant's present challenges to his plea are based entirely on his conclusory assertions at sentencing, as well as speculative inferences from the record.

We perceive no basis for reducing the sentence. Concur—Friedman, J.P., Sweeny, Catterson, Renwick and Freedman, JJ.