The People of the State of New York, Respondent, 
against
Gilbert Rigoberto, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (John Cataldo, J.H.O.), rendered April 6, 2016, after a nonjury trial, convicting him of public urination and sentencing him to a fine of $125 or, in the alternative, two days in jail.




Per Curiam.
Judgment of conviction (John Cataldo, J.H.O.), rendered April 6, 2016, modified, as a matter of discretion in the interest of justice, to the extent of reducing the fine to $50, and otherwise affirmed.
Defendant gave his valid written consent to a trial before a Judicial Hearing Officer [JHO]. Moreover, defendant was represented by counsel who actively participated at the trial before the JHO without objection (see People v Davis, 13 NY3d 17, 30-31 [2009]). 
Defendant's claim that the failure of the court to provide him an interpreter deprived him of the right to be present at the proceedings is unpreserved, since neither defendant nor his attorney informed the court at any time during the trial of defendant's inability to understand the English language (see People v Ramos, 26 NY2d 272 [1970]). We decline to review this unpreserved claim in the interest of justice. Were we to review this claim, we would find that the record demonstrates that defendant was able to speak and understand English, notwithstanding his use of an interpreter at arraignment (see People v Santos, 46 AD3d 365 [2007], lv denied 10 NY3d 844 [2008]).
The verdict convicting defendant of public urination (see Administrative Code of City of NY § 16-118[6]) was not against the weight of the evidence. There is no basis for disturbing the trial court's determinations concerning credibility (see People v Bleakley, 69 NY2d 490, 495 [1987]).
We find the fine to be excessive to the extent indicated.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 22, 2017