The People of the State of New York, Respondent,
against
Desirre Evans, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Gilbert C. Hong, J., at plea; Richard M. Weinberg, J., at sentencing), rendered April 6, 2016, convicting her, upon a plea of guilty, of criminal possession of a controlled substance in the seventh degree, and sentencing her to three years' probation.




Per Curiam.
Judgment of conviction (Gilbert C. Hong, J., at plea; Richard M. Weinberg, J., at sentencing), rendered April 6, 2016, affirmed.
The accusatory instrument was not jurisdictionally defective. It charged all the elements of criminal possession of a controlled substance in the seventh degree (see Penal Law § 220.03), the offense to which defendant ultimately pleaded guilty, and set forth sufficient factual allegations to show the basis for the arresting officer's conclusion that the substances at issue were controlled substances (see People v Smalls, 26 NY3d 1064 [2015]; People v Kalin, 12 NY3d 225, 231-232 [2009]; People v Pearson, 78 AD3d 445 [2010], lv denied 16 NY3d 799 [2011]). The factual portion of the instrument alleged, inter alia, that on specified dates between May 19, 2014 and February 23, 2015, defendant, a former employee at Mount Sinai-Beth Israel Hospital, "knowingly filled thirteen (13) forged prescriptions of a duly licensed doctor" for tablets of the controlled substances oxycodone and zolpidem at various pharmacies; that the tablets "were then dispensed to the defendant;" that the defendant subsequently "confessed to knowingly filling two (2) [of the] forged prescriptions on February 23, 2015, for zolpidem and oxycodone;" and that the officer "believe[d] the substances" in defendant's possession on May 19, 2014, which weighed "over one-half of an ounce," were what they were alleged to be based upon his "prior professional training as an investigator in the identification of dugs, [his] prior experience as an investigator making drug arrests and an examination of New York State official prescription records." These allegations, "given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), were sufficient for pleading purposes "since they provided adequate notice to enable defendant to prepare a defense and invoke h[er] protection against double jeopardy" (see People v Kasse, 22 NY3d 1142, 1143 [2014]).
Defendant's claim that her plea was coerced is unpreserved for appellate review because she did not move to withdraw the plea before sentencing or to vacate the judgment of conviction (see People v Guance, 61 AD3d 552, 553 [2009], lv denied 13 NY3d 744 [2009]; People v [*2]Ambrose, 266 AD2d 26 [1999]) and we decline to review it in the interest of justice. Were we to review this claim, we would find that the record, which includes a careful allocution by the court, establishes the voluntariness of the plea.
We are unpersuaded that the probationary sentence imposed was unduly harsh or severe, and find no extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Fair, 33 AD3d 558, 558 [2006], lv denied 8 NY3d 945 [2007]). Further, defendant was sentenced in accordance with her bargained-for plea and should not now "be heard to complain that [s]he received what [s]he bargained for" (id. at 558, quoting People v Chambers, 123 AD3d 270, 270 [1986]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur
Decision Date: December 14, 2017