■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD PEARSON, Appellant. [905 NYS2d 75]—

Judgments, Criminal Division of the Supreme Court, Bronx County (Harold Adler, J., at pleas; John N. Byrne, J., at sentence), rendered March 26, 2007, convicting defendant of criminal possession of a controlled substance in the seventh degree and menacing in the second degree, and sentencing him to concurrent terms of nine months, unanimously reversed, on the law, the accusatory instrument charging possession of a controlled substance dismissed, the menacing conviction vacated and that matter remanded for further proceedings.

As the People concede, defendant did not expressly waive his right to be prosecuted under an information rather than a criminal complaint. Thus, the legal sufficiency of the accusatory instrument must be evaluated under the standards for an information. While a hearsay defect in an information is nonjurisdictional and is waived by a guilty plea (*see People v Casey*, 95 NY2d 354, 362-364 [2000]), a "failure to comply with the 'prima facie case' requirement for facial sufficiency in CPL 100.40 (1) (c) and 100.15 (3) is a jurisdictional defect" (*People v Alejandro*, 70 NY2d 133, 139 [1987]), which cannot be waived by a guilty plea. Here, the supporting deposition stated only that an officer observed defendant remove from his waistband a condom containing eight glassines of beige powdery substance, which the officer concluded to be heroin, based on his training and experience, "includ[ing] training in the recognition of controlled substance, and its packaging." No laboratory report was attached, and there was no field test. Such an allegation is facially insufficient to satisfy the prima facie case requirement (*see Matter of Jahron S.*, 79 NY2d 632 [1992]; *People v Kalin*, 17 Misc 3d 131[A], 2007 NY Slip Op 51998[U] [App Term, 2d Dept 2007],

*revd* 12 NY3d 225 [2009]). Although in *Jahron S.,* the Court of Appeals declined to establish a per se rule requiring a laboratory report, an officer's conclusory statement that based on his training and experience a substance was an unlawful drug is insufficient to satisfy the prima facie case requirement (*see People v Sweeper,* 15 Misc 3d 138[A], 2007 NY Slip Op 50935[U] [App Term, 2d Dept 2007]).

Since defendant pleaded guilty to menacing under another accusatory instrument on the promise of concurrent sentences, we vacate that plea and remand for further proceedings (*see People v Fuggazzatto,* 62 NY2d 862 [1984]). Concur—Saxe, J.P., Friedman, Nardelli, Sweeny and DeGrasse, JJ.