■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD PEARSON, Appellant. [914 NYS2d 2]—

Judgment, Supreme Court, Bronx County (Harold A. Adler, J., at pleas; John N. Byrne, J., at sentencing), rendered March 26, 2007, convicting defendant of criminal possession of a controlled substance in the seventh degree and menacing in the second degree, and sentencing him to concurrent terms of nine months, unanimously affirmed.

As the People concede, defendant did not expressly waive his right to be prosecuted under an information rather than a criminal complaint. Thus, the legal sufficiency of the accusatory instrument must be evaluated under the standards for an information. While a hearsay defect in an information is nonjurisdictional and is waived by a guilty plea (*see People v Casey*, 95 NY2d 354, 362-364 [2000]), a "failure to comply with the 'prima facie case' requirement for facial sufficiency in CPL 100.40 (1) (c) and 100.15 (3) is a jurisdictional defect" (*People v Alejandro*, 70 NY2d 133, 139 [1987]), which cannot be waived by a guilty plea, and thus we review the issue on the merits.

The supporting deposition stated that an officer observed defendant remove from his waistband a condom containing eight glassines of a beige powdery substance, which the officer concluded to be heroin, based on his training and experience, "includ[ing] training in the recognition of controlled substance, and its packaging." Although a laboratory report was not attached, and there was no field test, the observations and consequent allegation reported by the officer in his supporting affidavit were sufficient to satisfy the prima facie case requirements of the Criminal Procedure Law (*see People v Kalin*, 12 NY3d 225, 231-232 [2009]). Concur—Saxe, J.P., Friedman, Sweeny, Nardelli and DeGrasse, JJ.

The decision and order of this Court entered herein on July 6,

2010 (75 AD3d 438 [2010]) is hereby recalled and vacated (*see* 2010 NY Slip Op 87463[U] [2010] [decided simultaneously herewith]).