=================================================================
This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
-----------------------------------------------------------------
No. 197
The People &c.,
            Respondent,
         v.
Dennis P. Smalls,
            Appellant.


            Lawrence T. Hausman, for appellant.
            Marianne Stracquadanio, for respondent.


MEMORANDUM:

            The order of the Appellate Division should be affirmed.

            On this appeal, the main issue is whether a misdemeanor

information that describes the circumstances surrounding the

defendant's possession of alleged drug residue, the appearance of

the residue, and the officer's experience in identifying

- 1 -

controlled substances sets forth a prima facie case of criminal possession of a controlled substance in the seventh degree (see Penal Law § 220.03).  We hold that, under the particular circumstances of this case, such allegations were minimally sufficient to plead a valid charge of seventh-degree criminal possession of a controlled substance.

By a misdemeanor information, the People charged defendant Dennis P. Smalls with criminal possession of a controlled substance in the seventh degree and unlawful possession of a knife (see NYC Administrative Code § 10-133 [b]). After his arraignment on the information, defendant moved to dismiss the information on facial sufficiency grounds, and the court denied his motion.  Thereafter, defendant pleaded guilty to the charge of seventh-degree criminal possession of a controlled substance in full satisfaction of the information.  In exchange for his plea, defendant received a sentence of 30 days in jail, which was set to run concurrently with his sentence upon an unrelated misdemeanor charge and with his punishment for violating the terms of his parole in a prior felony case.

The Appellate Division unanimously affirmed the judgment of conviction and sentence, rejecting defendant's challenge to the facial sufficiency of the drug-related charge to which he had pleaded guilty (see People v Smalls, 116 AD3d 474, 474 [1st Dept 2014]).  A Judge of this Court granted defendant leave to appeal (23 NY3d 1067 [2014]).

"'A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution'" (People v Dreyden, 15 NY3d 100, 103 [2010], quoting People v Case, 42 NY2d 98, 99 [1977]).  To meet the jurisdictional standard for facial sufficiency, a misdemeanor complaint "need only set forth facts that establish reasonable cause to believe that the defendant committed the charged offense" (People v Dumay, 23 NY3d 518, 522 [2014]; see People v Kalin, 12 NY3d 225, 228 [2009]; People v Dumas, 68 NY2d 729, 731 [1986]).  "In addition to [satisfying] the reasonable cause requirement, an information," unlike a complaint, "must also set forth 'nonhearsay allegations which, if true, establish every element of the offense charged and the defendant's commission thereof'" (Kalin, 12 NY3d at 228-229, quoting People v Henderson, 92 NY2d 677, 679 [1999]; see also CPL 100.15 [3]; CPL 100.40 [1] [c]; CPL 100.40 [4] [b]).

While more demanding than the reasonable cause standard, this prima facie case requirement for the facial sufficiency of an information "'is not the same as the burden of proof beyond a reasonable doubt required at trial,' nor does it rise to the level of legally sufficient evidence that is necessary to survive a motion to dismiss based on the proof presented at trial" (Kalin, 22 NY3d at 230, quoting Henderson, 92 NY2d at 680; see People v Guaman, 22 NY3d 678, 681 [2014]).  Additionally, "[s]o long as the factual allegations of an

information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]).  Once the accusatory instrument meets that threshold, if "the fair implication of the[ ] averments" in the instrument establishes the elements of the charged crime, then the instrument is facially sufficient (id.).

Our determination of whether the information here contained adequate factual allegations establishing the elements of seventh-degree criminal possession of a controlled substance is guided by our prior exploration of that subject in People v Kalin (12 NY3d at 225).  In that case, we concluded that, because the officer's account of his experience, the packaging of the drugs, and the drug paraphernalia recovered from the car "supplied the basis" for his belief that the substances in question were illegal drugs, the information was facially sufficient notwithstanding the absence of a lab report or a description of the appearance of the drugs themselves (id. at 231-232).  Here, as in Kalin, the information was facially sufficient because it contained adequate allegations that the officer had the requisite training and experience to recognize the substance in defendant's possession as a controlled substance and that the officer reached his conclusion about the nature of the substance based on its appearance and placement within a

favored apparatus of drug users, a glass pipe.

That the substance at issue here was a burnt residue does not dictate a different result.  As Kalin makes clear, an information's description of the characteristics of a substance combined with its account of an officer's training in identifying such substances, the packaging of such substance and the presence of drug paraphernalia, can support the inference that the officer properly recognized the substance as a controlled substance. Certainly, if defendant chose to go to trial he was not foreclosed from arguing in his defense that the contents of his pipe were not illegal.

We continue to stress that an information must satisfy significantly more stringent facial sufficiency requirements than those applicable to a complaint (see Dumay, 23 NY3d at 522; People v Alejandro, 70 NY2d 133, 139 [1987]).  In this case, because the information met those heightened requirements, defendant's bid for dismissal of the information must be denied. We have considered and rejected defendant's remaining claims.

*    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

Order affirmed, in a memorandum.  Chief Judge Lippman and Judges Pigott, Rivera, Abdus-Salaam, Stein and Fahey concur.

Decided December 15, 2015