The People of the State of New York, Respondent,
against
Robert Jackson, Defendant-Appellant.



In consolidated criminal actions, defendant appeals from three judgments of the Criminal Court of the City of New York, Bronx County (William L. McGuire, Jr., J.), each rendered December 10, 2014, convicting him, upon his pleas of guilty, of two counts of criminal possession of a controlled substance in the seventh degree and one count of falsely reporting an incident, and imposing sentence.




Per Curiam.
Judgments of conviction (William L. McGuire, Jr., J.), rendered December 10, 2014, affirmed. 
In view of the defendant's knowing waiver of his right to prosecution by information, the accusatory instrument is assessed under the standard applicable to a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 521 [2014]). So viewed, the accusatory instrument under docket number 2014BX01499 was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of criminal possession of a controlled substance in the seventh degree (see Penal Law § 220.03). The arresting officer sufficiently "supplied the basis" for his belief that the substance at issue was a controlled substance (People v Smalls, 26 NY3d 1064, 1067 [2015], quoting People v Kalin, 12 NY3d 225, 231-232 [2009]) by alleging that he observed a "tan powdery substance" which, based on his training and experience, "includ[ing] training in the recognition of controlled substances, and their packaging," he concluded to be heroin (see People v Smalls, supra; People v Kalin, supra; People v Pearson, 78 AD3d 445 [2010], lv denied 16 NY3d 799 [2011]; People v Stutley, 50 Misc 3d 135[A], 2016 NY Slip Op 50055[U] [App Term, 1st Dept 2016] lv denied 27 NY3d 1007 [2016]; cf. People v Dumas, 68 NY2d 729 [1986]).
We are unpersuaded that the bargained for sentence imposed was excessive or unduly harsh. Defendant was sentenced in accordance with the plea agreement (see People v Fair, 33 AD3d 558 [2006], lv denied 8 NY3d 945 [2007]), and given his extensive criminal history and the serious nature of the crimes charged, we find no extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Higgins, 19 AD3d 877 [2005], lv denied 5 NY3d 828 [2005]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 29, 2016