The People of the State of New York, Respondent,
against
Ismael Quinones, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Lisa A. Sokoloff, J.), rendered October 5, 2015, convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the seventh degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Lisa A. Sokoloff, J.), rendered October 5, 2015, affirmed.
In view of the defendant's knowing waiver of his right to prosecution by information, the accusatory instrument is assessed under the standard applicable to a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of criminal possession of a controlled substance in the seventh degree (see Penal Law § 220.03). The deponent police officer's allegations that he identified the 16 pills recovered from defendant's pocket as Clonazepam, a controlled substance, based on his "professional training as a police officer in the identification of drugs, [his] prior experience as a police officer making drug arrests," and his "observation of the pills, which are characteristic of clonazepam," sufficed, in the context of a misdemeanor complaint, to show the basis for the conclusion that the substance at issue was a controlled substance (see People v Dumas, 68 NY2d 729, 731 [1986]; see also People v Smalls, 26 NY3d 1064 [2015]; People v Kalin, 12 NY3d 225 [2009]; cf. People v Rosario, 45 Misc 3d 127[A], 2014 NY Slip Op 51482[U], [App Term, 1st Dept 2014]) . 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: January 17, 2017