The People of the State of New York,
against
Scott Hill, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Laurie Peterson, J.), rendered January 27, 2016, convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the seventh degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Laurie Peterson, J.), rendered January 27, 2016, affirmed.
In view of the defendant's knowing waiver of his right to prosecution by information, the accusatory instrument is assessed under the standard applicable to a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of criminal possession of a controlled substance in the seventh degree (see Penal Law § 220.03). The deponent police officer's allegations that he observed defendant smoking a lit cigarette that the officer identified as containing phencyclidine, a controlled substance, based on his "professional training as a police officer in the identification of drugs, [his] prior experience as a police officer making drug arrests," the "the odor emanating from the substance" and his "observation of the packaging, which is characteristic of this type of drug," sufficed to show the basis for the conclusion that the substance at issue was a controlled substance (see People v Dumas, 68 NY2d 729, 731 [1986]; People v Quinones, 54 Misc 3d 133[A], 2017 NY Slip Op 50054[U] [App Term, 1st Dept 2017], lv denied 29 NY3d 951 [2017]; see also People v Smalls, 26 NY3d 1064 [2015]; People v Kalin, 12 NY3d 225 [2009]; cf. People v Rosario, 45 Misc 3d 127[A], 2014 NY Slip Op 51482[U] [App Term, 1st Dept 2014]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur
Decision Date: June 14, 2017