The People of the State of New York, - 
against
Luis Feliciano, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Guy H. Mitchell, J.), rendered April 14, 2015, convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the seventh degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Guy H. Mitchell, J.), rendered April 14, 2015, affirmed.
Treating the accusatory instrument as an information in evaluating defendant's jurisdictional challenge (see People v Hatton, 26 NY3d 364 [2015]), we find that the instrument charged all the elements of criminal possession of a controlled substance in the seventh degree (see Penal Law § 220.03), and set forth sufficient factual allegations to show the basis for the arresting officer's conclusion that the substance at issue was a controlled substance. The instrument recited that police recovered "a crack pipe containing crack/cocaine residue from defendant's person," and that the officer believed the substance to be crack/cocaine "based upon [his] professional training as a police officer in the identification of drugs and [his] prior experience as a police officer making drug arrests" (see People v Smalls, 26 NY3d 1064 [2015]; People v Kalin, 12 NY3d 225, 231-232 [2009]; People v Pearson, 78 AD3d 445 [2010], lv denied 16 NY3d 799 [2011]). Such allegations were sufficient for pleading purposes, "since they provided adequate notice to enable defendant to prepare a defense and invoke his protection against double jeopardy" (People v Kasse, 22 NY3d 1142, 1143 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 19, 2017