The People of the State of New York, Respondent,
against
Ishmil Lozada, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Kate Paek, J.), rendered May 1, 2015, convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the seventh degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Kate Paek, J.), rendered May 1, 2015, affirmed.
The accusatory instrument was not jurisdictionally defective. It charged all the elements of criminal possession of a controlled substance in the seventh degree (see Penal Law § 220.03), and set forth sufficient factual allegations to show the basis for the arresting officer's conclusion that the substance at issue was a controlled substance (see People v Smalls, 26 NY3d 1064 [2015]; People v Kalin, 12 NY3d 225, 231-232 [2009]; People v Pearson, 78 AD3d 445 [2010], lv denied 16 NY3d 799 [2011]). The instrument recited that police "took one bottle containing one bag of cocaine residue from inside the defendant's left front pants pocket" and that the officer believed the substance to be cocaine "based on [her] professional training as a police officer in the identification of drugs, [her] prior experience as a police officer making drug arrests and an observation of the packaging, which is characteristic of this type of drug." These allegations were sufficient for pleading purposes "since they provided adequate notice to enable defendant to prepare a defense and invoke his protection against double jeopardy" (People v Kasse, 22 NY3d 1142, 1143 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur
Decision Date: September 28, 2017