The People of the State of New York,
against
Harold Gonzalez, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Gerianne Abriano, J.), rendered July 5, 2016, convicting him, upon his plea of guilty, of disorderly conduct, and imposing sentence.




Per Curiam.
Judgment of conviction (Gerianne Abriano, J.), rendered July 5, 2016, affirmed.
The accusatory instrument was not jurisdictionally defective. It charged all the elements of criminal possession of a controlled substance in the seventh degree (see Penal Law § 220.03), and set forth sufficient factual allegations to show the basis for the arresting officer's conclusion that the substance at issue was a controlled substance. The instrument recited that police "took one pipe containing crack/cocaine from the ground where [the officer] observed the defendant drop the pipe" and that the officer believed the substance to be crack/cocaine based upon his "professional training as a police officer in the identification of drugs, [his] prior experience as a police officer making drug arrests, and [his] observation of the packaging, which is characteristic of crack/cocaine" (see People v Smalls, 26 NY3d 1064 [2015]; People v Kalin, 12 NY3d 225, 231-232 [2009]; People v Pearson, 78 AD3d 445 [2010], lv denied 16 NY3d 799 [2011]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 14, 2018