The People of the State of New York, Respondent,
against
Mouhamed Thiam, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Lyle E. Frank, J.), rendered June 24, 2016, convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the seventh degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Lyle E. Frank, J.), rendered June 24, 2016, reversed, on the law, and the accusatory instrument dismissed. 
In view of the defendant's knowing waiver of the right to prosecution by information, the facial sufficiency of the accusatory instrument must be assessed under the standard required of a misdemeanor complaint (see People v Dumay, 23 NY3d 518 [2014]). Even when viewed under the more liberal standard, the accusatory instrument was jurisdictionally defective, since it failed to allege "facts of an evidentiary character" (CPL 100.15[3]) demonstrating "reasonable cause" to believe (CPL 100.40[4][b]) that defendant was guilty of criminal possession of a controlled substance in the seventh degree (see Penal Law § 220.03). The police allegations that the pills recovered from defendant were oxycodone, a prohibited controlled substance, did not meet the reasonable cause requirement, since the arresting officer presented nothing more in the accusatory instrument than a conclusory statement that he used his experience and training as the foundation in drawing the conclusion that he had discovered illegal drugs (cf. People v Kalin, 12 NY3d 225, 231 [2009]). Absent from the instrument were any facts relied upon by the officer in reaching the conclusion that the substance seized was an illegal drug (see Kalin, 12 NY3d 231 [in addition to training and experience, officer relied upon the packaging of the substance and recovery of a marijuana pipe]; People v Smalls, 26 NY3d 1064, 1067 [2015] [in addition to training and experience, the officer reached his conclusion about the nature of the substance based on its appearance and placement within a favored apparatus of drug users, a glass pipe]; Matter of Angel A., 92 NY2d 430, 433 [1998] [in addition to training and experience, officer relied upon "NIK" field test in reaching conclusion that substance was heroin]; People v Pearson, 78 AD3d 445 [2010], lv denied 16 NY3d 799 [2011][concluding that beige powdery substance contained in eight glassines was heroin, based on the officer's training and experience, including [*2]training in the recognition of controlled substance, and its packaging]).
Instead of reinstating the remainder of the accusatory instrument, we dismiss it, as a matter of discretion in the interest of justice, since defendant has completed his sentence and no penological purpose would be served by remanding for further proceedings.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur
Decision Date: March 16, 2018