The People of the State of New York, Respondent,
against
Richard Abutiate, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Herbert J. Adlerberg, J.H.O.), rendered October 9, 2015, convicting him, upon his plea of guilty, of aggravated unlicensed operation of a motor vehicle in the third degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Herbert J. Adlerberg, J.H.O.), rendered October 9, 2015, affirmed.
We find unavailing defendant's challenge to the facial sufficiency of the accusatory instrument charging aggravated unlicensed operation of a motor vehicle in the second degree (see Vehicle and Traffic Law § 511[2][a] [ii]). The information, including the certified abstract of defendant's driving record, alleged that on June 14, 2015, at 2:45 a.m., at a specified location, defendant was operating a motor vehicle; that a computer check of the records of the Department of Motor Vehicles (DMV) revealed that his license was suspended for a "DWI conviction in Bronx County on October 31, 2014, and has not been reinstated"; that defendant knew his license was suspended because "prior to such suspension being imposed, the DMV sent to the defendant a suspension order," which stated that defendant's license was "suspended effective October 31, 2014, for six months" and would not be reinstated until he satisfied certain requirements, including payment of a $25 "suspension termination fee." These factual allegations were sufficient for pleading purposes to establish reasonable cause to believe and a prima facie case that defendant was driving "while knowing or having reason to know" that his license was suspended (Vehicle and Traffic Law § 511[1][a]; see People v Gerado, 55 Misc 3d 127[A], 2017 NY Slip Op 50344[U] [App Term, 1st Dept 2017], lv denied 29 NY3d 1079 [2017]; People v Crawley, 32 Misc 3d 131[A], 2011 NY Slip Op 51334[U] [App Term, 1st Dept 2011], lv denied 19 NY3d 863 [2012]). Although the October 31, 2014 suspension order was not attached to the accusatory instrument (a separate suspension order was attached), the officer's sworn allegations [*2]were sufficient to satisfy the prima facie requirement (see People v Pearson, 78 AD3d 445 [2010], lv denied 16 NY3d 799 [2011]). Any hearsay defect in the accusatory instrument was waived by defendant's guilty plea (see People v Casey, 95 NY2d 354, 362-364 [2000]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: March 22, 2018