The People of the State of New York,
against
Carlton Battle, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Laurie Peterson, J.), rendered October 14, 2015, convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the seventh degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Laurie Peterson, J.), rendered October 14, 2015, affirmed.
The accusatory instrument was not jurisdictionally defective. It charged all the elements of criminal possession of a controlled substance in the seventh degree (see Penal Law § 220.03), and set forth sufficient factual allegations to show the basis for the arresting officer's conclusion that the substance at issue was a controlled substance. The instrument recited that police "took cocaine from inside the brim of the defendant's hat" and that the officer knew the substance was cocaine "based upon [his] professional training as a police officer in the identification of drugs, [his] prior experience as a police officer making drug arrests, and observation of the packaging, which is characteristic of this type of drug" (see People v Smalls, 26 NY3d 1064 [2015]; People v Kalin, 12 NY3d 225, 231-232 [2009]; People v Pearson, 78 AD3d 445 [2010], lv denied 16 NY3d 799 [2011]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur
Decision Date: March 13, 2019