People of the State of New York, Respondent, - 
against
Anthony Varner, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Richard A. Tsai, J.), rendered June 13, 2018, convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the seventh degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Richard A. Tsai, J.), rendered June 13, 2018, affirmed.
The accusatory instrument was not jurisdictionally defective. It charged all the elements of criminal possession of a controlled substance in the seventh degree (see Penal Law § 220.03), the sole offense to which defendant pleaded guilty. The instrument recited that at a specified time and place, police "recovered one large twist and fourteen bags of crack cocaine from defendant's socks," which the officer knew was "crack cocaine based on [his] professional training as a police officer in the identification of drugs, [his] prior experience as a police officer making drug arrests, and [his] observation of the packaging, which is characteristic of crack cocaine" (see People v Smalls, 26 NY3d 1064 [2015]; People v Kalin, 12 NY3d 225, 231-232 [2009]; People v Pearson, 78 AD3d 445 [2010], lv denied 16 NY3d 799 [2011]). Indeed, defendant does not challenge the facial sufficiency of this charge.
Defendant's challenge to the legal sufficiency of the third-degree drug possession charge contained in the felony complaint, which the court dismissed as part of defendant's plea, is unavailing, since defendant is not aggrieved by alleged defects in felony charges that were dismissed on the People's motion as part of the plea (see CPL 470.15[1]; People v Ruiz, 146 AD3d 417 [2017], lv denied 28 NY3d 1188 [2017]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: January 17, 2020