People v Hopkins (2020 NY Slip Op 51147(U))

[*1]

People v Hopkins (Kimberly)

2020 NY Slip Op 51147(U) [69 Misc 3d 129(A)]

Decided on October 2, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 2, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Cooper, Higgitt, JJ.

&em;

The People of the State of New 
 York, Respondent, 
against
Kimberly Hopkins, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Guy H. Mitchell, J.), rendered June 5, 2015, convicting her, upon her plea of
guilty, of criminal possession of a controlled substance in the seventh degree, and imposing
sentence.

Per Curiam.
Judgment of conviction (Guy H. Mitchell, J.), rendered June 5, 2015, affirmed.
The accusatory instrument was not jurisdictionally defective. It charged all the elements of
criminal possession of a controlled substance in the seventh degree (see Penal Law §
220.03) and set forth sufficient factual allegations to show the basis for the arresting officer's
conclusion that the substance at issue was a controlled substance. The instrument alleged that
after a police officer observed a separately charged individual hand the defendant "small objects,"
the officer then "took two bags containing crack cocaine from the defendant's jacket pocket." The
instrument further alleged that the officer believed the substance to be crack cocaine based upon
his "professional training as a police officer in the identification of drugs," his "experience as a
police officer making drug arrests" and his "observation of the packaging, which is characteristic
of this type of drug" (see People v Smalls, 26 NY3d 1064 [2015]; People v Kalin,
12 NY3d 225, 231-232 [2009]; People v
Pearson, 78 AD3d 445 [2010], lv denied 16 NY3d 799 [2011]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 2, 2020