People v Houston (2020 NY Slip Op 51186(U))

[*1]

People v Houston (Mark)

2020 NY Slip Op 51186(U) [69 Misc 3d 131(A)]

Decided on October 9, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 9, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Cooper, Higgitt, JJ.

570248/19

The People of the State of New York,
Respondent,
against
Mark Houston, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Nicholas W. Moyne, J.), rendered March 21, 2019, convicting him, upon a plea of
guilty, of criminal possession of a controlled substance in the seventh degree, and imposing
sentence.

Per Curiam.
Judgment of conviction (Nicholas W. Moyne, J.), rendered March 21, 2019, affirmed.
The information was not jurisdictionally defective. Allegations that defendant was observed
smoking a cigarette containing synthetic marijuana and that the officer concluded that the
substance was synthetic marijuana based on his professional training as a police officer in the
identification of synthetic marijuana, his prior experience as a police officer making arrests
involving synthetic marijuana, and his observation of the packaging, "which is characteristic of
synthetic marijuana" (see People v
Kalin, 12 NY3d 225, 231-232 [2009]; People v Dumas, 68 NY2d 729 [1986])
were legally sufficient to charge defendant with criminal possession of a controlled substance in
the seventh degree (see People v
Miller, 65 Misc 3d 159[A], 2019 NY Slip Op 52006[U][App Term, 1st Dept 2019],
lv denied 34 NY3d 1161 [2020]). Defendant's present contention that the contents of the
cigarette were not an illegal substance was a matter to be raised as a defense at trial, not by
insistence that the accusatory instrument was defective (see People v Smalls, 26 NY3d 1064, 1067 [2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 9, 2020