People v Terrero (2021 NY Slip Op 50105(U))

[*1]

People v Terrero (Yorman)

2021 NY Slip Op 50105(U) [70 Misc 3d 139(A)]

Decided on February 11, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 11, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Higgitt, Brigantti, JJ.

19-124

The People of the State of New York,
Respondent, 
against
Yorman Terrero, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Angela J. Badamo, J.), rendered September 6, 2018, convicting him, upon his plea
of guilty, of criminal possession of a controlled substance in the seventh degree, and imposing
sentence.

Per Curiam.
Judgment of conviction (Angela J. Badamo, J.), rendered September 6, 2018, affirmed.
Since defendant waived prosecution by information, the accusatory instrument only had to
satisfy the reasonable cause requirement of a misdemeanor complaint (see People v
Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was
jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable
cause to believe that defendant was guilty of possessing a controlled substance, to wit, crack
cocaine (see Penal Law § 220.03). The instrument recited that police recovered a
"pipe containing crack/cocaine residue from the defendant's right pants pocket" and that the
officer believed the substance to be crack/cocaine "based on [his] professional training as a
police officer in the identification of drugs, [his] prior experience as a police officer making drug
arrests, the odor emanating from the substance, and [his] observation of the packaging which is
characteristic of crack/cocaine residue" (see People v Smalls, 26 NY3d 1064 [2015];
People v Kalin, 12 NY3d 225 [2009]; People v Pearson, 78 AD3d 445 [2010], lv denied 16 NY3d
799 [2011]). Contrary to defendant's contention, a laboratory report was not required to
accompany the accusatory instrument for it to be facially sufficient (see People v Kalin,
12 NY3d at 231; People v Pearson, 78 AD3d at 445).
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: February 11, 2021