People v Duncan (2021 NY Slip Op 50242(U))

[*1]

People v Duncan (JC)

2021 NY Slip Op 50242(U) [71 Misc 3d 128(A)]

Decided on March 19, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 19, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Higgitt J.P., Brigantti, Hagler, JJ.

16-365

The People of the State of New York,
Respondent, 
against
JC Duncan, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Bruna L. DiBiase, J.), rendered February 10, 2014, convicting him, upon a plea of
guilty, of criminal possession of a controlled substance in the seventh degree, and imposing
sentence.

Per Curiam.
Judgment of conviction (Bruna L. DiBiase, J.), rendered February 10, 2014, affirmed.
In view of defendant's knowing waiver of the right to prosecution by information, the
sufficiency of the accusatory instrument is assessed under the standard applicable to a
misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed,
and giving the allegations "a fair and not overly restrictive or technical reading" (People v
Casey, 95 NY2d 354, 360 [2000]), we find "as a matter of common sense and reasonable
pleading" (People v Davis, 13 NY3d 17, 31 [2009]), that the allegations were sufficient
for pleading purposes to establish reasonable cause to believe that defendant committed the
offense of criminal possession of a controlled substance in the seventh degree (see Penal
Law § 220.03). The instrument recited that police recovered a controlled substance in the
form of "one pill of hydrocodone" from "defendant's right pants pocket" and that the officer
believed the pill was hydrocodone "based upon [his] prior experience as a police officer making
drug arrests" and "the label on the pills"[FN1]
 (see People v Smalls, 26 NY3d 1064 [2015]; People v Kalin, 12 NY3d 225,
231-232 [2009]; [*2]People v Pearson, 78 AD3d 445 [2010], lv denied
16 NY3d 799 [2011]). Where, as here, "the defendant has waived prosecution by information
(and therefore has assented to the more lenient reasonable cause standard), these legal and factual
allegations are sufficient to particularize the crime charged and protect against a constitutional
double jeopardy violation" (People v Thiam, 34 NY3d 1040, 1044 [2019, DiFiore, Ch. J.,
concurring]).

All concur.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court

Decision Date: March 19, 2021

Footnotes

Footnote 1:1 Although the complaint states
"pills" (plural) in one section and that the officer recovered "one pill" in another, this discrepancy
did not affect the legal sufficiency of the complaint. A person is guilty of criminal possession of a
controlled substance in the seventh degree when he or she knowingly and unlawfully possesses a
controlled substance (see Penal Law § 220.03), "irrespective of amount" (People
v Mizell, 72 NY2d 651, 655 [1988]).