People v Jalloh (2024 NY Slip Op 50284(U))

[*1]

People v Jalloh (Ibrahima)

2024 NY Slip Op 50284(U)

Decided on March 19, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 19, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

570971/18

The People of the State of New York, Respondent,
against
Ibrahima Jalloh, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Judy H. Kim, J.), rendered September 19, 2018, convicting him, upon a plea of guilty, of criminal possession of a controlled substance in the seventh degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Judy H. Kim, J.), rendered September 19, 2018, reversed, on the law, the plea vacated, and the matter remanded for further proceedings. 
Since defendant waived prosecution by information, the accusatory instrument is assessed under the reasonable cause standard applicable to a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because the factual allegations establish reasonable cause to believe that defendant was guilty of criminal possession of a controlled substance in the seventh degree (see Penal Law § 220.03), and were sufficient to show the basis for the arresting officer's conclusion that the substance at issue was a controlled substance. The instrument alleged that a police officer recovered a plastic bag containing cocaine from defendant's hand, and that the officer believed the substance to be cocaine based upon his "professional training as a police officer in the identification of drugs, [his] prior experience as a police officer making drug arrests, and an observation of the packaging, which is characteristic of this type of drug" (see People v Smalls, 26 NY3d 1064 [2015]; People v Kalin, 12 NY3d 225, 231-232 [2009]; People v Pearson, 78 AD3d 445 [2010], lv denied 16 NY3d 799 [2011]; People v Hopkins, 69 Misc 3d 129[A], 2020 NY Slip Op 51147[U] [App Term, 1st Dept 2020], lv denied 36 NY3d 929 [2020]). These allegations supplied defendant "with sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy" (People v Dreyden, 15 NY3d 100, 103 [2010]).
We agree with defendant, however, that his plea to the controlled substance charge was not knowing, intelligent and voluntary. Inasmuch as the only fact admitted by defendant at the [*2]allocution was that he possessed "marijuana," the allocution does not support a conviction of criminal possession of a controlled substance in the seventh degree, a class A misdemeanor, but, at most, supports a conviction of the second charged offense of unlawful possession of marijuana (see former Penal Law § 221.05), a violation (see People v Costanza, 244 AD2d 988, 989 [1997]).
We decline to dismiss the accusatory instrument in the interest of justice since it cannot be said that no penological purpose would be served by reinstating the proceedings (see People v Allen, 39 NY2d 916, 917—918 [1976]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 19, 2024