People v Garcia (2024 NY Slip Op 51299(U))

[*1]

People v Garcia (Angel)

2024 NY Slip Op 51299(U)

Decided on September 19, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 19, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570288/19

The People of the State of New York, Respondent,
against
Angel Garcia, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Kate Paek, J.), rendered January 25, 2019, convicting him, upon a plea of guilty, of criminal possession of a controlled substance in the seventh degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Kate Paek, J.), rendered January 25, 2019, affirmed.
The information charging criminal possession of a controlled substance in the seventh degree (see Penal Law § 220.03) was not jurisdictionally defective. Nonhearsay allegations established every element of the offense and defendant's commission thereof (see CPL 100.40[1][c]; People v Middleton, 35 NY3d 952, 954 [2020]). Defendant's constructive possession of the drugs was satisfied by allegations that police, upon executing a search warrant of apartment 12C at a specified address, "found the defendant, who resides at that address," and recovered one "ziplock bag containing" PCP "from the interior of a coat jacket." These allegations support an inference that defendant had constructive possession, i.e. "dominion and control" of the contraband (Penal Law § 10.00[8]; see People v Torres, 68 NY2d 677, 678-679 [1986]; People v Cruz, 111 AD3d 453 [2013], lv denied 22 NY3d 1040 [2013]).
The information also set forth sufficient factual allegations to show the basis for the arresting officer's conclusion that the substance at issue was a controlled substance. The instrument recited that the officer knew the substance in the ziplock bag was PCP based upon his "professional training as a police officer in the identification of drugs, [his] prior experience as a police officer making drug arrests, and [his] observation of the packaging," which was "characteristic" of that "type of drug" (see People v Smalls, 26 NY3d 1064 [2015]; People v Kalin, 12 NY3d 225, 231-232 [2009]; People v Pearson, 78 AD3d 445 [2010], lv denied 16 NY3d 799 [2011]; People v Battle, 62 Misc 3d 151[A], 2019 NY Slip Op 50296[U][App Term, 1st Dept 2019], lv denied 33 NY3d 1028 [2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur. 
Decision Date: September 19, 2024