| |
|---|
| **People v Christopher H.** |
| 2025 NY Slip Op 30693(U) |
| February 25, 2025 |
| District Court of Nassau County, First District |
| Docket Number: Docket No. CR-013293-24NA |
| Judge: Tricia M. Ferrell |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

DISTRICT COURT OF NASSAU COUNTY
FIRST DISTRICT CRIMINAL PART
------------------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK,

                                  DOCKET NO. CR-013293-24NA

            against                      Present:
                                    HON. TRICIA M. FERRELL

CHRISTOPHER H.,

                            Defendant(s)

------------------------------------------------------------------------x
The following named papers numbered 1 to 2
submitted on this Motion to Dismiss

| | papers numbered |
|---|---|
| Notice of Motion | 1 |
| Affirmation in Opposition | 2 |

     Christopher H., [hereinafter "Defendant"] is charged by way of information with Unlawful Dissemination of An Intimate Image in violation of Penal Law § 245.15, a class A misdemeanor. Defendant was arraigned before the Honorable Madeleine Petrara-Perrin on July 23, 2024. Thereafter, this case was adjourned on several occasions for discovery compliance and on October 11, 2024, the People filed a Certificate of Compliance and Readiness for Trial. On November 8, 2024, Defendant requested the case be adjourned for review of the discovery materials and on December 3, 2024, both parties announced their readiness for trial. The case was subsequently adjourned until January 7, 2025, and at that time the court became aware of the instant motion; a motion schedule was then directed by the court and all papers were submitted for consideration on January 21, 2025.

     Defendant now moves for an order dismissing the one count of Penal Law ("PL") § 245.15 pursuant to Criminal Procedure Law ("CPL") § 170.30(1)(f) on two grounds. First, defense counsel argues the images are not "identifiable" as required by statute rendering the charge facially insufficient. Second, the defense argues the charge fails to allege sufficient facts to establish the element of intent.

     The People argue the subject intimate images are "reasonably identifiable to survive dismissal of this case," and "any further arguments for the image's identifiability should be a matter for the jury to decide." (Peo. Aff. 19.) The People also maintain that non-hearsay allegations support every element of the offense charged. id at 20. For the reasons stated herein, the defendant's application to dismiss the sole count of PL § 245.15 is denied in its entirety.

     Penal Law § 245.15(1)(a) provides, in pertinent part, the following:

[* 1]

A person is guilty of unlawful dissemination or publication of an intimate image when: (a) with intent to cause harm to the emotional, financial or physical welfare of another person, he or she intentionally disseminates or publishes a still or video image of such other person, who is identifiable from the still or video image itself or from information displayed in connection with the still or video image, without such other person's consent, which depicts: (i) an unclothed or exposed intimate part of such other person; or (ii) such other person engaging in sexual conduct as defined in subdivision ten of section 130.00 of this chapter with another person; and (b) such still or video image was taken under circumstances when the person depicted had a reasonable expectation that the image would remain private and the actor knew or reasonably should have known the person depicted intended for the still or video image to remain private, regardless of whether the actor was present when such image was taken.

The accusatory instrument filed in this case alleges Defendant committed the above charge arising from an incident that took place "on or about the 4th day of February, 2024, at about 11:36 AM …" The filing was accompanied by three supporting depositions and two screen shots of electronic communication sent or received by a mobile device ("Attachment #1" appears to be a screen shot of a cell phone displaying typed messages and two still images which depict people engaging in sexual conduct and "Attachment #2" appears to be a screen shot of a cell phone displaying typed messages and one still image which depicts a computer screen.)

The supporting deposition of the complainant, Jessica H., states in pertinent part the following:

> On the 1st day of February, 2024 at about 7:00 PM, I was at my home…when my husband, Christopher H confronted me about videos and photos he found of me being intimate with my boyfriend…Christopher found this flash drive from my dresser and downloaded it to his computer. He made numerous threats to me that he would send the videos and photos to my family and friends. On February 4th, 2024 I was told by my mother … and sister-in-law … that they received screenshots of videos of myself and my boyfriend engaging in sexual conduct. I can identify myself in the video. At no point did I give Christopher H … permission to disseminate those pictures & videos.

The supporting deposition of the second person states in pertinent part the following:

> On the 4th day of February 2024 at about 11:36 AM, I was at my home … when I received a text message from my sister-in-law … husband, Christopher H. The text message was two screenshots of two people engaging in sexual conduct and a text that said, "in my fucking bed." I noticed in the video that the background is consistent with Jessica's

bedroom & her laptop. After this I notified Jessica H. what occurred. I have known Christopher H. for ten years & I know the number … to be his since meeting him.

The supporting deposition of the third person states in pertinent part the following:

I received a text message from my daughter's husband, Christopher H. (516) XXX-XXXX that depicted two people have sexual intercourse. Christopher H. implied that it was my daughter in the video. Based on the message, I assumed it was my daughter, Jessica H. I know this phone number to belong to Christopher H. based on knowing him for 10 years and having the same phone number.

Attachment #1 displays the following:
Speaker 1: Is she home
Speaker 2: Around block
Speaker 1: Ok
The two still images which depict people engaging in sexual conduct
Speaker 3: In my fucking bed

Attachment #2 displays the following:
One still image which depicts a computer screen
Speaker 1: Was that for the kids too?
Speaker 2: Please tell me you didn't send that
Speaker 1: Not yet
Speaker 2: You won't do that.
Speaker 2: There's no reason
Speaker 1: I'll group text u and him and see which one he likes best
Speaker 2: Stop.
Speaker 2: You're talking to her.
Speaker 1: She has a right to know what shit her husband was doing
Speaker 1: No pun intended

Defendant's challenge to the accusatory instrument requires this court to examine whether its facially sufficient. In order for a misdemeanor information to be facially sufficient, the factual part of the accusatory instrument must contain "facts of an evidentiary character supporting or tending to support the charges" (CPL § 100.15 [3]; CPL § 100.40 [1] [a]); the "allegations of the factual part ... together with those of any supporting depositions ... provide reasonable cause to believe that the defendant committed the offense charged" (CPL § 100.40 [1] [b]); and that the "[n]on-hearsay allegations [of the information and supporting depositions] establish, if true, every element of the offense charged and the defendant's commission thereof" (CPL § 100.40 [1] [c];CPL § 100.15 [3]). *(People v Kalin*, 12 NY3d 225 [2009])

While "evaluating the sufficiency of an accusatory instrument," a court does "not look beyond its four corners (including supporting declarations appended thereto)"

(*People v Hardy*, 35 NY3d 466, [2020]). Here, the information is accompanied by three supporting depositions and two attached exhibits (referenced above) which confine the court's review to these documents only for sufficiency purposes. Collectively, these documents must support the charge as alleged or a dismissal is required. Additionally, "[a] court reviewing an accusatory instrument for facial insufficiency must assume that the factual allegations are true and must consider all reasonable inferences that may be drawn from them." (*People v Jackson*, 18 NY3d 738 [2012])

The factual portions of the information must "provide reasonable cause to believe that the defendant committed the offense charged" (CPL § 100.40 [1] [b]), and those factual allegations are of the kind that "give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense." (*People v Casey*, 95 NY2d 354, [2000]) Therefore the information should "be given a fair and not overly restrictive or technical reading." *id.*

The factual allegations from each witness, as true, each identify the image as the complainant and her room, making the images identifiable. Defendant asserts that none of the photographs sent to his mother-in-law and sister-in-law "reveal the faces or any distinct recognizable features of the persons involved". However, contrary to Defendant's contention, the statute does not require a "visible face or distinctive markers" in order to be sustained. (Def Aff. 11) The law requires that a person "must be reasonably identifiable from the image itself or information displayed in connection with the image." (CPL § 245.15[1])

The information displayed in connection with the images provided context for the victim, her mother and sister-in-law to each recognize the room and computer as belonging to the victim. Defendant's message "in my fucking bed," displayed in connection with the images aids in further making these images identifiable to all the parties. While photocopies of the screenshots in both attachments are legible and visible, the images' resolution would be even more definite upon receipt (and subsequently viewing it) on the phone itself. Therefore, upon viewing information displayed in connection with the images, the complainant, her mother and sister-in-law would be able to recognize and identify the complainant.

Next, Defendant argues that the allegations do not set forth facts which substantiate the element that his alleged dissemination was done with intent to cause the complaining witness harm to her emotional, financial or physical welfare. (Def. Aff. 13) Defendant argues that the images sent to the complainant's mother and sister-in-law were a "limited disclosure intended to explain his reasons for pursuing separation, not to shame, embarrass, or financially harm his wife." *id.* Such explanation appears to be plausible. However, the People argue the act of dissemination, coupled with the prior threats to disseminate said intimate images to family and friends illuminates Defendant's conscious objective making this version of facts also a plausible explanation for his actions.

The element of intent is rarely proved "by an explicit expression of culpability by the

perpetrator." (*People v Barnes*, 50 NY2d 375 [1980]) "[I]ntent may be inferred from conduct as well as the surrounding circumstances". Factors such as defendant's expressive conduct, the surrounding circumstances, the location of the incident and the existence of a prior relationship or a common understanding between the parties, may support or negate an inference that defendant harbored the statutory purpose. (*People v Hatton*, 26 NY3d 364 [2015]) The competing inferences drawn from the facts in this case regarding Defendant's intent illustrates a question of fact that exist; neither is unreasonable. Therefore, this issue is clearly within the exclusive domain of the finders of fact, not to be disturbed. (*People v Bueno,* 18 NY3d 160 [2011])

Defendant's reliance on *People v Marvel B* (215 NYS3d 748, 84 Misc3d 430 [Kings County Ct 2024] is misplaced in this instance. The question before the Marvel B court, pertaining to the count charging a violation of PL § 245.15, was whether the factual allegations sufficiently alleged unlawful dissemination and an intent to harm. The Marvel B deponent was informed by the complainant that the defendant sent the complainant multiple pictures in which the complainant's face is visible and clearly identifiable, engaging in oral sexual conduct with the defendant. These allegations included the defendant sending the complainant a text threatening to disseminate said intimate materials to all the complainant's social media followers and family if the complainant continued to "refuse" the defendant. Id at 432

The court in Marvel B held that by [the defendant] texting the images in question to the complainant, the element of dissemination was sufficient established. However, the court also held that by sending the images of the complainant solely to the complainant, these factual allegations are "insufficient alone to sustain the element of intent to cause harm." Id at 434 The court reasoned that while people in intimate relationships will share pictures that are sexually explicit in nature, once the sharing of those images outside of the relationship occurs to embarrass, hurt or damage the complainant's reputation, the intent is criminal and therefore punishable. Id at 435 Here, the allegations are sufficient to establish both elements: identifiable and intent. Whether the prosecution can meet their burden of proof at trial is not for the court to determine now.

The prima facie case requirement for the facial sufficiency of an information "is not the same as the burden of proof beyond a reasonable doubt required at trial, nor does it rise to the level of legally sufficient evidence that is necessary to survive a motion to dismiss based on the proof presented at trial" (*People v Smalls*, 26 N.Y.3d 1064 [2015]). "The truth-seeking function is for the factfinder at trial," (*People v. Slade*, 37 NY3d 127, [2021]) and based on the legal sufficiency of this accusatory instrument, the matter will proceed to trial.

So Ordered:

Dated: 2/25/25

_____
DISTRICT COURT JUDGE