People v Henriquez (2025 NY Slip Op 50551(U))

[*1]

People v Henriquez (Ricardo)

2025 NY Slip Op 50551(U)

Decided on April 17, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 17, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570122/19

The People of the State of New York, Respondent,
against
Ricardo Henriquez, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Jeffrey M. Zimmerman, J.), rendered September 27, 2018, convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the seventh degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Jeffrey M. Zimmerman, J.), rendered September 27, 2018, affirmed.
Since defendant waived prosecution by information, the accusatory instrument is assessed under the reasonable cause standard applicable to a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of criminal possession of a controlled substance in the seventh degree (see Penal Law § 220.03), and in particular were sufficient to show the basis for the arresting officer's conclusion that the substances at issue were controlled substances. The instrument recited that police recovered "in [defendant's] left hooded sweatshirt pocket, one (1) plastic baggie housing twenty-one (21) yellow oval pills imprinted with E 712 and 10/325; one plastic baggie housing four (4) white oval pills imprinted with IP204 along with five (5) white oval pills imprinted with A333; nine (9) white rectangular pills housed inside of a plastic baggie, and six (6) pink curved triangular pills imprinted with WB." The officer further stated "that based upon his training and experience, which includes training in the recognition of controlled substances ... and their packaging, the aforementioned substances are alleged and believed to be Oxycodone (Endocet); Acetaminophen/ Oxycodone Hydrochloride; Alprazolam (Xanax) and Menthylenedioxy-Methamphetamine (Ecstasy), respectively" (see People v Smalls, 26 NY3d 1064, 1067 [2015]; People v Kalin, 12 NY3d 225, 231-232 [2009]; People v Pearson, 78 AD3d 445, 445 [2010], lv denied 16 NY3d 799 [2011]). At the pleading stage, these allegations supplied defendant "with sufficient notice of the charged crime to satisfy the demands of due [*2]process and double jeopardy" (People v Dreyden, 15 NY3d 100, 103 [2010]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: April 17, 2025