People v Barton (2025 NY Slip Op 52023(U))

[*1]

People v Barton (Darryl)

2025 NY Slip Op 52023(U)

Decided on December 17, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 17, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Perez, Alpert, JJ.

570093/22

The People of the State of New York, Respondent,
against
Darryl Barton, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Josh E. Hanshaft, J.), rendered February 2, 2022, convicting him, upon a plea of guilty, of criminal possession of a controlled substance, and imposing sentence.

Per Curiam.
Judgment of conviction (Josh E. Hanshaft, J.), rendered February 2, 2022, affirmed.
Since defendant waived prosecution by information, the accusatory instrument is assessed under the reasonable cause standard applicable to a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because the factual allegations establish reasonable cause to believe that defendant was guilty of criminal possession of a controlled substance in the seventh degree (see Penal Law § 220.03) and were sufficient to show the basis for the arresting officer's conclusion that the substance at issue was a controlled substance. The instrument recited that after a police officer observed defendant and another individual "touch hands and exchange small objects," the officer "recovered 19 glassines of alleged heroin" from defendant's handbag and three more glassines of alleged heroin from his person. The instrument further alleged that the officer believed the substances to be heroin based upon his "professional training as a police officer in the identification of drugs, [his] prior experience as a police officer making drug arrests, and an observation of the packaging, which is characteristic of this type of drug" (see People v Smalls, 26 NY3d 1064, 1066-1067 [2015]; People v Kalin, 12 NY3d 225, 231-232 [2009]; People v Pearson, 78 AD3d 445, 445 [2010], lv denied 16 NY3d 799 [2011]). These allegations supplied defendant "with sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy" (People v Dreyden, 15 NY3d 100, 103 [2010]).
In any event, the only relief defendant requests is dismissal of the accusatory instrument with prejudice, rather than vacatur of the plea, and he expressly requests that this Court affirm his conviction if it does not grant dismissal. Since it cannot be said that no penological purpose [*2]would be served by reinstating the felony complaint (see People v Conceicao, 26 NY3d 375, 385 n [2015]), dismissal is not warranted and we therefore affirm on this basis as well.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 17, 2025