People v Cruz (2020 NY Slip Op 51185(U))

[*1]

People v Cruz (Jaime)

2020 NY Slip Op 51185(U) [69 Misc 3d 131(A)]

Decided on October 9, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 9, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Cooper, Higgitt, JJ.

570138/19

The People of the State of New York,
Respondent,
against
Jaime Cruz, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Anne J. Swern, J.), rendered February 8, 2019, convicting him, upon a plea of
guilty, of criminal possession of a controlled substance in the seventh degree, and imposing
sentence.

Per Curiam.
Judgment of conviction (Anne J. Swern, J.), rendered February 8, 2019, affirmed.
The information, charging criminal possession of a controlled substance in the seventh
degree (see Penal Law § 220.03) was not jurisdictionally defective. Defendant's
possession of synthetic cannabinoids, a Schedule I controlled substance (see Penal Law
§ 220.00[5]; Public Health Law § 3306[g]; see also Matter of Sahairah J. (Rosemarie R.), 135 AD3d 452
[2016]), was established by allegations that the police recovered two cigarettes "containing
synthetic cannabinoids commonly known as K2" after defendant dropped one cigarette from his
hand and the other fell from his pocket, and that the officer concluded that the substance was
synthetic cannabinoids (K2) based on his professional training as a police officer in the
identification of synthetic cannabinoids, his prior experience as a police officer making drug
arrests, the odor emanating from the substance, and his observation of the packaging, "which is
characteristic of synthetic cannabinoids (K2)" (see People v Miller, 65 Misc 3d 159[A], 2019 NY Slip Op
52006[U][App Term, 1st Dept 2019], lv denied 34 NY3d 1161 [2020]; see also People v Kalin, 12 NY3d
225, 231-232 [2009]).
Defendant's present contention that the contents of the cigarettes were not illegal was a
matter to be raised as a defense at trial, not by insistence that the accusatory instrument was
defective (see People v Smalls, 26
NY3d 1064, 1067 [2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 9, 2020