People v Parsons (2020 NY Slip Op 20268)

People v Parsons

2020 NY Slip Op 20268 [69 Misc 3d 11]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, December 23, 2020

[*1]

The People of the State of New York, Respondent,
v
Jerome Parsons, Appellant.

Supreme Court, Appellate Term, First Department, October 16, 2020

APPEARANCES OF COUNSEL

Center for Appellate Litigation (Shaina R. Watrous of counsel) for appellant.
Cyrus R. Vance, Jr., District Attorney (Philip V. Tisne of counsel), for respondent.

{**69 Misc 3d at 12} OPINION OF THE COURT
Higgitt, J.

Judgment of conviction (Michael Gaffey, J.), rendered March 13, 2019, reversed, on the law, and the accusatory instrument is dismissed.
We are frequently asked to review the facial sufficiency of accusatory instruments charging defendants with criminal possession of a controlled substance in the seventh degree (see Penal Law § 220.03). Typically, we find that such accusatory instruments, be they informations or complaints, are facially sufficient. However, the information before us on defendant's appeal does not contain sufficient non-conclusory allegations establishing the basis for the police officer's belief that the substance seized from defendant was a controlled substance. Therefore, we reverse the judgment of conviction.
The information alleges that, at a specified time on the morning of March 12, 2019, at a specified location in Manhattan, a police officer "recovered synthetic marijuana . . . from the defendant's right jacket pocket." The information further alleges that the officer
"examined the recovered substance and has determined that it does in fact contain synthetic marijuana based on his professional training as a police officer in the identification of synthetic marijuana, his prior experience as a police officer making arrests involving synthetic marijuana, and his observation of the packaging which is characteristic of synthetic marijuana."
{**69 Misc 3d at 13}The information charged defendant with one count of criminal possession of a controlled substance in the seventh degree, and one count of possession of synthetic phenethylamines and synthetic cannabinoids (see 10 NYCRR 9.2 [renumbered to 9-1.2]).
The day after his arrest, defendant pleaded guilty to violating the Penal Law § 220.03 count in satisfaction of the accusatory instrument, and sentence was imposed. Defendant did not waive prosecution by information.
[*2]
Defendant appeals from the judgment of conviction resulting from his plea. Highlighting that he was prosecuted on an information (not a complaint), defendant contends that his plea should be vacated and the information dismissed because, among other reasons, the information failed to provide sufficient factual allegations regarding the officer's basis for concluding that the substance seized from defendant was synthetic marijuana. The People contend, in pertinent part, that the allegations in the information sufficiently described, for pleading purposes, the officer's reasons for concluding that the substance seized from defendant was synthetic marijuana.[FN1]
There are two types of accusatory instruments a court can use to obtain jurisdiction over a defendant accused of a misdemeanor: an information or a complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). A defendant charged with a misdemeanor must be prosecuted by an information unless he or she waives the right to be prosecuted under such an instrument (id.).
A complaint must contain an accusatory section designating the specific offense or offenses with which the defendant is being charged (see CPL 100.15 [2]), and a factual section alleging "facts of an evidentiary character supporting or tending to support the charges" (CPL 100.15 [3]) that "provide reasonable cause to believe that the defendant committed the offense [or offenses] charged" (CPL 100.40 [4] [b]).
An information must contain the two elements possessed by a valid complaint, and the "[n]on-hearsay allegations of the factual part of the information and/or of any supporting depositions [must] establish, if true, every element of the offense charged and the defendant's commission thereof" (CPL 100.40 {**69 Misc 3d at 14}[1] [c]). The "prima facie case" standard imposed by CPL 100.40 (1) (c) contains two discrete components: that the allegations establish every element of the charged offense or offenses, and that the allegations be "non-hearsay" (see People v Casey, 95 NY2d 354, 362 [2000]). Critically, the allegations cannot be conclusory (see People v Jackson, 18 NY3d at 741, 746; see also People v Middleton, 35 NY3d 952, 954 [2020]). The prima facie case standard, which is necessary because of "the unique function that an information serves under the [CPL]," demands that the information contain factual allegations establishing a legally sufficient case against the defendant (People v Alejandro, 70 NY2d 133, 137, 137-139 [1987]; see People v Jones, 9 NY3d 259, 262 [2007]). While the allegations in an information need not be of such character that they would withstand a motion to dismiss at trial or establish the defendant's guilt of the charged offense beyond a reasonable doubt, "an information must satisfy significantly more stringent facial sufficiency requirements than those applicable to a complaint" (People v Smalls, 26 NY3d 1064, 1066-1067 [2015]). An information that does not satisfy the prima facie case requirement is jurisdictionally defective (People v Pearson, 78 AD3d 445, 445 [1st Dept 2010]).
Two Court of Appeals decisions—People v Kalin and People v Smalls—set forth critical guidance for courts reviewing the facial sufficiency of informations charging defendants with violating Penal Law § 220.03.
In Kalin (12 NY3d 225 [2009]), the information alleged that, on a specified date, at a specified time, at a specified location, the defendant knowingly and unlawfully possessed [*3]marijuana in that he was a passenger in a vehicle from which a police officer recovered a marijuana pipe containing a quantity of marijuana from the glove compartment of the vehicle, one plastic ziplock bag containing a quantity of marijuana, and nine plastic bags containing a quantity of heroin from the center console of the vehicle (17 Misc 3d 131[A], 2007 NY Slip Op 51998[U], *1 [App Term, 2d Dept, 2d & 11th Jud Dists 2007]). The officer further alleged in the information that his conclusion that the substances recovered were heroin and marijuana was "based upon his experience as a police officer as well as training in the identification and packaging of controlled substances and mari[j]uana" (id.).
The Appellate Term, Second Department, reversed the defendant's conviction of violating Penal Law § 220.03 emanating {**69 Misc 3d at 15}from his guilty plea, finding that the information was jurisdictionally defective because it failed to satisfy the prima facie case requirement (see 12 NY3d at 228).
The Court of Appeals reversed the order of the Appellate Term, and reinstated the judgment of conviction. The Court of Appeals observed that "the factual allegations [in an information] must establish the basis of the arresting officer's belief that the substance seized was an illegal drug—for example, an officer may allege that the accused made a statement identifying the drug" (id. at 229). Notably, the Court found that
"the assertions [in the information] were enough to inform defendant that the substances seized were heroin and marijuana—the officer had been trained to identify those drugs and their packaging, he had experience with narcotics as a law enforcement officer and his observations of the substances, along with the presence of drug paraphernalia, supplied the basis upon which he drew the conclusion that he had discovered heroin and marijuana" (id. at 231).
While eschewing any mandatory catechism, the Court found that an information charging a defendant with violating Penal Law § 220.03 is sufficient if it, among other things, states the officer's familiarity with and training regarding the identification of the drug, and provides some information as to why the officer concluded that the substance was a particular type of illegal drug (id. at 231-232).
In Smalls, the information charging the defendant with violating Penal Law § 220.03 alleged, among other things, that the defendant possessed a glass pipe containing a tar-like substance that, based on the officer's "training in the recognition of controlled substances and their packaging, . . . [he] believed to be crack-cocaine residue" (116 AD3d 474, 474 [2014]). The defendant pleaded guilty to violating Penal Law § 220.03.
The Court of Appeals affirmed the order of the Appellate Division, First Department, that rejected defendant's facial-sufficiency challenge to the information. The Court of Appeals concluded that
"the information was facially sufficient because it contained adequate allegations that the officer had the requisite training and experience to recognize the substance in defendant's possession as a controlled{**69 Misc 3d at 16} substance and that the officer reached his conclusion about the nature of the substance based on its appearance and placement within a favored apparatus of drug users, a glass pipe" (26 NY3d at 1067).
The Smalls Court observed that "an information's description of the characteristics of a substance combined with its account of an officer's training in identifying such substances, the packaging of such substance and the presence of drug paraphernalia, can support the inference that the officer properly recognized the substance as a controlled substance" (id.).
[*4]
Since Kalin was decided, we have had occasion to pass on the sufficiency of numerous accusatory instruments charging defendants with criminal possession of a controlled substance in the seventh degree. Few of those challenges have been successful (see People v Thiam, 59 Misc 3d 126[A], 2018 NY Slip Op 50339[U] [App Term, 1st Dept 2018], affd 34 NY3d 1040 [2019]; People v Rosario, 45 Misc 3d 127[A], 2014 NY Slip Op 51482[U] [App Term, 1st Dept 2014]); the overwhelming majority have failed.
With respect to informations, our case law in this area has a common thread: an information sufficiently demonstrates that the officer knew the seized substance was a controlled substance when the instrument (1) alleges that the officer had drug-identification training and experience, and (2) contains non-conclusory allegations establishing the presence of at least one other indicia of criminality, e.g. a physical description of the controlled substance, a description of the substance's packaging, the presence of a drug-related odor, the recovery of drug paraphernalia, an admission by the defendant (see e.g. People v Cox, 69 Misc 3d 131[A], 2020 NY Slip Op 51189[U] [App Term, 1st Dept 2020]; People v Cruz, 69 Misc 3d 131[A], 2020 NY Slip Op 51185[U] [App Term, 1st Dept 2020]; People v Feliciano, 57 Misc 3d 129[A], 2017 NY Slip Op 51172[U] [App Term, 1st Dept 2017], lv denied 30 NY3d 1019 [2017]).
Most of our case law in the context of complaints is to similar effect (see e.g. People v Miller, 65 Misc 3d 159[A], 2019 NY Slip Op 52006[U] [App Term, 1st Dept 2019], lv denied 34 NY3d 1161 [2020]; People v Owens, 58 Misc 3d 145[A], 2018 NY Slip Op 50012[U] [App Term, 1st Dept 2018], lv denied 31 NY3d 986 [2018]; People v Rodriguez, 54 Misc 3d 129[A], 2016 NY Slip Op 51826[U] [App Term, 1st Dept 2016], lv denied 29 NY3d 952 [2017]).{**69 Misc 3d at 17}
In only three instances post-Kalin have we rejected a facial sufficiency challenge to an accusatory instrument charging a defendant with violating Penal Law § 220.03 that contained allegations that the officer had drug-identification training and experience, but did not contain non-conclusory allegations suggesting the presence of at least one other indicia of criminality. In all three instances, the accusatory instrument was a complaint (see People v Battle, 62 Misc 3d 151[A], 2019 NY Slip Op 50296[U] [App Term, 1st Dept 2019], lv denied 33 NY3d 1028 [2019]; People v Powers, 61 Misc 3d 131[A], 2018 NY Slip Op 51432[U] [App Term, 1st Dept 2018], lv denied 32 NY3d 1208 [2019]; People v Quinones, 54 Misc 3d 133[A], 2017 NY Slip Op 50054[U] [App Term, 1st Dept 2017], lv denied 29 NY3d 951 [2017]).[FN2]
Against this backdrop, affording the information before us a fair and not overly restrictive or technical reading, and drawing the fair implications from the factual allegations therein (see People v Smalls, 26 NY3d at 1066-1067), we conclude that the information does not contain sufficient allegations establishing the basis for the officer's belief that the substance seized from defendant was a controlled substance.
The information states that the officer recovered synthetic marijuana from defendant's right jacket pocket, and the officer
"examined the recovered substance and . . . determined that it does in fact contain synthetic marijuana based on his professional training as a police officer in [*5]the identification of synthetic marijuana, his prior experience as a police officer making arrests involving synthetic marijuana, and his observation of the packaging which is characteristic of synthetic marijuana."
While the information alleges that the officer had training and experience in identifying synthetic marijuana, it contains no non-conclusory factual allegations suggesting the presence of at least one other indicia of criminality. The conclusory allegation that the officer observed the packaging of the substance seized from defendant is insufficient to support the reasonable inference that the officer properly recognized the substance as synthetic marijuana. There is simply no allegation regarding the nature of the packaging, and no reasonable inference can{**69 Misc 3d at 18} be drawn from the limited allegations as to the nature of the packaging. Unlike all of the informations we have found to pass muster under Kalin and Smalls, the information before us does not contain any non-conclusory factual allegations indicating the presence of at least one other indicia of criminality.[FN3] 
Because the information before us is jurisdictionally defective, we reverse the judgment of conviction. Moreover, because the additional offense with which defendant was charged (possession of synthetic phenethylamines and synthetic cannabinoids under 10 NYCRR 9.2 [renumbered to 9-1.2]) suffers from the same pleading infirmity as the possession-of-a-controlled-substance charge, and, in any event, no penological purpose would be served by remanding the matter to the trial court for further proceedings (see generally People v Burwell, 53 NY2d 849 [1981]), we dismiss the accusatory instrument.
Edmead, P.J., and Cooper, J., concur.

Footnotes

Footnote 1:Defendant's jurisdictional challenge survived his guilty plea (see People v Jackson, 18 NY3d 738, 741 [2012]), and the People do not suggest otherwise.

Footnote 2:While the decisions in Battle, 
Powers and Owens do not identify whether the accusatory instrument was an information or a complaint, the court's records disclose the pertinent accusatory instrument in each case.

Footnote 3:Notably, the Court in Smalls found that the information allegations were "minimally sufficient to plead a valid charge of seventh-degree criminal possession of a controlled substance" (26 NY3d at 1065). The allegations in the information before us are inferior in quantity and quality to the allegations in that "minimally sufficient" information.