People v Honciuc (2025 NY Slip Op 50330(U))

[*1]

People v Honciuc

2025 NY Slip Op 50330(U)

Decided on March 12, 2025

Criminal Court Of The City Of New York, Queens County

Licitra, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 12, 2025
Criminal Court of the City of New York, Queens County

The People of the State of New York

against
Honciuc, Defendant.

Docket No. CR-021684-24QN

For the People: Melinda Katz, District Attorney of Queens County (by Chloe Devanny)
For Mr. Honciuc: Eric Shapiro Renfroe, Esq.

Wanda L. Licitra, J.

The prosecution has filed an information charging Mr. Honciuc with one count of violating P.L. § 240.30[1][a], aggravated harassment in the second degree. The defense now moves to dismiss the information as facially insufficient. Upon review of the papers, the motion is granted.
An information is facially sufficient only if it contains non-hearsay evidentiary factual allegations that, if true, establish "every element" of the charged offense. (People v. Rodriguez, 214 AD3d 908, 908 [2d Dep't 2023]; see also C.P.L. §§ 100.40[1][c]; 100.15[3]). This standard is called a "prima facie" case. (People v. Alejandro, 70 NY2d 133, 138 [1987]). The prima-facie standard is "necessary because of the 'unique function that an information serves'" under our criminal procedure law. (People v. Parsons, 69 Misc 3d 11, 14 [App. Term, 1st Dep't 2020] [quoting Alejandro, 70 NY2d at 137]). Unlike an indictment, which requires support "by legally sufficient evidence before a Grand Jury," an information is an accusatory instrument for which the prosecutor "need not, at any time prior to trial, present actual evidence." (Alejandro, 70 NY2d at 137-38 [internal citations omitted]).
The law does not require that an information contain the most precise words that most clearly express the alleged narrative. So long as the factual allegations "give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading." (People v. Sanson, 59 Misc 3d 4, 6 [App. Term, 2d Dep't 2018] [internal quotation marks omitted]).
The factual portion of the information here alleges that:
[A police officer deponent] states that he is informed by the complainant, . . . Mesia, that [on or about September 29, 2022, at about 9:06 a.m., in Queens], she had received a voicemail from a phone number she knew belonged to the defendant, . . . Honciuc, who is her ex-boyfriend, stating in sum and substance: "I hope you kill yourself," "I hope you die," "I hope you drown" and "Kill yourself, you fucking bitch."
Deponent further states that he is informed by the complainant that she recognized the voice of the caller to be the voice of the defendant as a result to [sic] her relationship.
Deponent further states that he is informed by the complainant that the actions of the defendant served no legitimate purpose and caused her annoyance and alarm.
The defense argues that these allegations are facially insufficient. They argue that the allegations fail to establish that Mr. Honciuc communicated a true "threat to cause physical harm to, or unlawful harm to the property of" another person, a necessary element of P.L. § 240.30[1][a]. (See generally People v. Orr, 47 Misc 3d 1213[A] [Crim. Ct., NY County 2015]). The prosecution responds that the allegations are facially sufficient because they are "'communication[s]'" delivered "'in a manner likely to cause annoyance or alarm.'" (Pr. Resp. at 4-7 [quoting former P.L. § 240.30[1][a]]). The prosecution asserts that "P.L. § 240.30[1] does not require that there be a 'true threat.'" (Id. at 6-7).
The problem with the prosecution's response is that it relies on an outdated version of P.L. § 240.30[1][a] that the Court of Appeals invalidated in 2014 as unconstitutional. (See People v. Golb, 23 NY3d 455 [2014]). The former statute criminalized any communication "in a manner likely to cause annoyance or alarm." (Former P.L. § 240.30[1][a]). This is the statute from which the prosecutor quotes and argues that the information is facially sufficient. In contrast, the statute currently in place only criminalizes "a threat to cause physical harm to, or unlawful harm to the property of" another person. (P.L. § 240.30[1][a]).
While the allegations may have met the plain statutory elements of the old statute, they fail to meet the elements of the current one. Now, "[t]he communication" at issue "must be a 'threat.'" (Hon. William C. Donnino, Practice Commentaries, P.L. § 240.30 [quoting the statute]). That "requirement of a 'threat . . .' is in lieu of the former language found wanting in Golb, which was: a communication likely to cause annoyance or alarm.'" (Id. [quoting the former statute]).
A threat is a "communicated intent to inflict harm or loss on another or another's property." (Orr, 47 Misc 3d 1213[A], at *3). Here, the communications "described in the information . . . are not threats at all." (See id. at *5 [observing that "go kill yourself bitch" is not a threat]). To be sure, they are "clearly efforts to insult and degrade the complainant." (See id.). "But they [are] not threats, in that they do not warn the recipient of any sort of future harm." (See id.; see also People v. Spruill, 49 Misc 3d 1212[A] [Crim. Ct., NY County 2015] ["Here, the vast majority of the communications described . . . are not threats at all, although they are certainly abusive, insulting rants. . . . [T]hey do not warn the recipient of any sort of future harm."]; People v. Winsbarrow, 48 Misc 3d 1231[A] [Crim. Ct., NY County 2015] ["[T]he communications described in the information are not threats at all, just abusive and insulting rants," including "'I hope you die mother fucker.'"]). The prosecution does not argue otherwise.
The court also notes that constitutional free-speech principles impose another requirement: that the alleged threat constitute a "true" threat. A true threat is a communication that "convey[s] a clear and unambiguous message that the recipient could not help but understand as a threat of future injury." (Orr, 47 Misc 3d 1213[A], at *3 [extensively surveying New York case law on the issue] [emphasis added]). In addition, an information alleging a true threat must now show that "the defendant had some subjective understanding of his statements' threatening nature." (Counterman v. Colorado, 600 U.S. 66, 69 [2023]). Clearly, because the alleged statements are not threats at all, neither of these elements are met here, either. And again, the prosecution does not argue otherwise.
The information is therefore facially insufficient, and it is dismissed.
The foregoing constitutes the order and decision of the court.
DATED: March 12, 2025
Queens, NY
Wanda L. Licitra, J.C.C.