People v Ragsdale (2025 NY Slip Op 51924(U))

[*1]

People v Ragsdale

2025 NY Slip Op 51924(U)

Decided on December 5, 2025

Criminal Court Of The City Of New York, Queens County

Licitra, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 5, 2025
Criminal Court of the City of New York, Queens County

The People of the State of New York

against
Ragsdale, Defendant.

Docket No. CR-019723-25QN

For the prosecution: Melinda Katz, District Attorney of Queens County (by Kailey Ritchie)
For the defense: The Legal Aid Society (by Elina Escarda)

Wanda L. Licitra, J.

The prosecution has filed an information charging Mr. Ragsdale with one count of P.L. § 240.30[1], aggravated harassment in the second degree, and one count of P.L. § 240.26[1], harassment in the second degree. The defense now moves to dismiss the information as facially insufficient. Upon review of the papers, the motion is granted.
An information is facially sufficient only if it contains non-hearsay evidentiary factual allegations which, if true, establish "every element" of the charged offense. (People v. Rodriguez, 214 AD3d 908, 908 [2d Dep't 2023]; see also C.P.L. §§ 100.40[1][c]; 100.15[3]). This standard is called a "prima facie" case. (People v. Alejandro, 70 NY2d 133, 138 [1987]). The prima-facie standard is "necessary because of the 'unique function that an information serves'" under our criminal procedure law. (People v. Parsons, 69 Misc 3d 11, 14 [App. Term, 1st Dep't 2020] [quoting Alejandro, 70 NY2d at 137]). Unlike an indictment, which requires support "by legally sufficient evidence before a Grand Jury," an information is an accusatory instrument for which the prosecutor "need not, at any time prior to trial, present actual evidence." (Alejandro, 70 NY2d at 137-38 [internal citations omitted]).
The law does not require that an information contain the most precise words that most clearly express the alleged narrative. So long as the factual allegations "give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading." (People v. Sanson, 59 Misc 3d 4, 6 [App. Term, 2d Dep't 2018] [internal quotation marks omitted]).
The factual portion of the information here alleges that:
[A police officer deponent] states that she is informed by the complainant . . . that on [May 2, 2025, between 9:30 a.m. and 10:00 a.m.], the defendant, . . . Ragsdale, who is her child's father, sent her a text message stating in sum and substance: No bitch in person so I can take your teeth with me back home.
Deponent further states that she is informed by the complainant that the above-mentioned actions of the defendant caused her fear of harm to her physical safety, as well as [*2]annoyance and alarm.
The defense argues that the information's allegations and narrative do not establish a "true threat," which is required to criminalize speech in this context. (See generally People v. Orr, 47 Misc 3d 1213[A] [Crim. Ct., NY County 2015]). The prosecution responds that a "true threat . . . can be inferred" from the "totality of [the] conduct" alleged in the information.
Relevant here, the text of the penal law criminalizes threats of physical "harm," (P.L. § 240.30[1]), and threats of physical "contact," (P.L. § 240.26[1]), when made with the intent to harass, annoy, or alarm another person. However, under constitutional law, the penal law may not criminalize all such threats of harm; rather, it may only criminalize "true threats." (See, e.g., Paruchuri v. Akil, 156 AD3d 712, 714 [2d Dep't 2017] [noting that P.L. § 240.30[1] only criminalizes "true threats"]). "True threats" are "those statements where the speaker means to communicate a serious expression of an intent to commit unlawful violence." (Virginia v. Black, 538 U.S. 343, 359 [2003]). A "true threat" is one that is "clear, unambiguous, and immediate." (Orr, 47 Misc 3d 1213[A], at *2). It is not simply a statement made of anger or during an argument. As a result, for the information here to be facially sufficient, its allegations must establish that Mr. Ragsdale made a serious, true threat of physical harm or contact with the intent to harass, annoy, or alarm the complainant.
The information in this case contains little context or narrative that could meet that standard. While the prosecution asks the court to "infer[]" the intent of the statement from the "totality of [the] conduct," the information here in fact alleges no conduct other than the text message itself. It does not articulate what the text message was in response to; what the topic of the conversation was; what the character of the conversation was like; who initiated the conversation; or any of the other statements made by either party. Indeed, because the information contains no context for the alleged statement, it is not even clear what "No bitch in person so I can take your teeth with me back home," is supposed to mean. Still, even assuming that these words were threatening, nothing alleged establishes that they were a serious threat of violence instead of just angry or vulgar hyperbole. The words, "No bitch in person so I can take your teeth with me back home," are not per se criminal whenever they are uttered. And certainly, a crime is not committed every time someone says something offensive and angry during an argument with a co-parent. For such a statement to be criminalized, the prosecution's information must establish why it was, in context, a serious expression of an intent to commit unlawful violence. Otherwise, the information fails to "establish" the charged offenses. (See C.P.L. § 100.40[1][c]).
Case law accords with this analysis. (See, e.g., People v. Dietze, 75 NY2d 47, 54 [1989] ["There is nothing in the record demonstrating that defendant's statement that she would 'beat the crap out of [the complainant] some day or night in the street' was either serious, should reasonably have been taken to be serious, or was confirmed by other words or acts showing that it was anything more than a crude outburst."]; People v. Grammatico, 54 Misc 3d 1203[A] [Just. Ct., Monroe County 2017] ["I am going to hurt you and make you pay for what you did to me, . . . you gold digging bitch," was not a true threat]; People v. Gibbs, 50 Misc 3d 1202[A] [Crim. Ct., Bronx County 2015] ["If you think it's bad what I did to David, you're going to see what's going to happen to you," was not a true threat]; People v. Tackie, 46 Misc 3d 1218[A] [Crim. Ct., Bronx County 2015] ["Don't let me use my boxing on you" was not a true threat]; People v. Pierre-Louis, 34 Misc 3d 703 [Dist. Ct., Nassau County 2011] ["I'm coming at you with fury," [*3]and "I will rain hell on your office and make sure heads roll," among other statements, were not true threats]; People v. Khaimov, 26 Misc 3d 1202[A] [Crim. Ct., NY County 2009] ["Watch your step or something is going to happen to you[,] [s]top calling him about child support," was not a true threat]; People v. LaRuez, 6 Misc 3d 1018[A] [Just. Ct., Monroe County 2005] ["[Y]our days are numbered," and "[I'm] going to [expletive deleted] your complainant up," were not true threats]; People v. Yablov, 183 Misc 2d 880 [Crim. Ct., NY County 2000] [Edmead, J.] ["I'll get you," was not a true threat]).
Because the prosecution's information is devoid of any context establishing that the alleged message was a serious expression of an intent to commit unlawful violence, it is facially insufficient for both charges. Accordingly, it is dismissed.
The foregoing constitutes the order and decision of the court.
DATED: December 5, 2025
Queens, NY
Wanda L. Licitra, J.C.C.